# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EDWARD POWELL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MADDEN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:12-cv-01527-BAM<br><br>ORDER REQUIRING PLAINTIFF TO PAY THE FILING FEE WITHIN THIRTY DAYS |

　　　Plaintiff Tony Edward Powell ("Plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff has failed to file an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or submitted the filing fee.

　　　Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Plaintiff is subject to section 1915(g) and is precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed,

1  under imminent danger of serious physical injury.[1]

2      The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the

3  imminent danger exception.[2] Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  Because

4  Plaintiff alleges no facts supporting a finding that he is under imminent danger of serious physical

5  injury, Plaintiff is ineligible to proceed in forma pauperis in this action, therefore Plaintiff must pay

6  the filing fee for this action to proceed.

7      Accordingly, it is HEREBY ORDERED that, within thirty days from the date of service of

8  this order, Plaintiff shall submit the $350.00 filing fee in full or this action will be dismissed, without

9  prejudice.

10      IT IS SO ORDERED.

11  **Dated:**   **September 21, 2012**          /s/ **Barbara A. McAuliffe**
                                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The Court takes judicial notice of case numbers 2:97-cv-00280-BB, Powell v. David Maddox (N.D.Texas) (dismissed for failure to state a claim on April 15, 2003); 2:97-cv-00431-J-BB, Powell v. Williams (N.D.Texas) (dismissed as frivolous on December 29, 1998); 2:99-cv-00126-J-BB, Powell v. Johnson (N.D.Texas) (dismissed as frivolous February 4, 2000); 6:98-cv-00081-WSS, Powell v. Weaver (W.D.Texas) (dismissed as frivolous and for failure to state a claim on June 28, 1999); No. 00-10325, Powell v. Johnson et al. (5th Cir.) (appeal dismissed as frivolous on 11/9/2000), see 2:99-cv-00126-J-BB, doc. 18); No. 99-50770, Powell v. Weaver (5th Cir.) (appeal dismissed as frivolous on October 18, 2000).

[2] Plaintiff's allegations are that he was injured in a slip and fall in May 2012, and was denied medical treatment, and his grievances were not processed in retaliation.  (ECF No. 1.)  The complaint is devoid of any showing that Plaintiff is under imminent danger of serious physical injury.